## Fred J. Otte, Appellant, v. J. J. Warren, Appellee.

### Gen. No. 6,547.

1. TROVER AND CONVERSION, § 3*—*what does not constitute conversion of money and notes by vendor selling land under contract.* Where a contract is made for the sale of land, payment to be made partly in cash and the balance in six notes, and it is further agreed in the contract that upon payment of the first two notes and accrued interest the vendor will convey the premises by warranty deed and abstract provided vendor's lien notes to be substituted for the other notes are given simultaneously, and that if the vendee refuses to pay any note or interest when due all payments shall be forfeited as liquidated damages, and if the vendor fails to deliver the warranty deed and abstract the vendor will return all payments, and the first two notes and two of the remaining notes are paid, and the vendee offers to pay the balance due and demands the deed, there is no conversion of the money.

2. TROVER AND CONVERSION, § 30*—*what does not constitute demand for return of money and notes by contract purchaser of land.* The demand of a deed by the purchaser of land under contract, after offer of the balance due, does not constitute a demand for the return of money paid and notes given in furtherance of the contract, which the purchaser claims should be turned back to him because of default by the vendor in not furnishing a deed, so as to constitute basis for an action for conversion of the money and notes.

Appeal from the Circuit Court of Kane county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed April 25, 1918.

CAVENDER & KAISER and ROBERT G. EARLEY, for appellant.

ALSCHULER, PUTNAM & FLANNIGEN, for appellee.

PER CURIAM.

Otte, the plaintiff below and appellant here, entered into a written contract with Warren, the appellee, on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

December 12, 1912, by which the appellee was to convey to him the north 24 acres of a certain tract of land in Texas. He paid $560 down and agreed to pay $1,120 more, evidenced by six notes numbered from one to six inclusive, the maturity of each note being stated in the contract. The second note was due December 12, 1913, and the last note on December 12, 1915. It was agreed in the contract that upon payment of notes one and two and interest accrued to the date of such payment, the first party was to convey to him by warranty deed the real estate described and deliver the same with an abstract showing good merchantable title, free and clear of all incumbrance, providing the second party should simultaneously execute vendor's lien notes in the usual Texas form, and these notes were to represent the notes described in the contract and remaining due. Such notes were to be payable at such place or places as the first party might designate, and the first party might divide the notes into first and second lien notes. It was agreed that if appellant refused to pay any note or interest on one when due all payments should be forfeited to appellee as liquidated damages, and if appellee failed to deliver the warranty deed and abstract he agreed to return all payments made thereon. Appellant paid notes one, two, four and five, note five having been sued upon by an assignee of that note and paid after judgment.

On June 14, 1916, appellant addressed a letter to appellee at an address in Chicago demanding conveyance of said land, and notifying him upon his execution of the deed he stood ready to pay the balance with interest from the date of the contract, but that unless appellee made said conveyance within five days, appellant would institute legal proceedings against him. It is agreed that that notice was received by appellee on the third day after its date. Thereafter on July 17, 1916, appellant sued appellee in the Circuit Court of Kane county in an action on the case and filed a dec-

laration, containing several counts, wherein he charged appellee with a wilful and malicious conversion of the money and notes to his own use, and also containing a count in trover. Appellee demurred to the declaration. That demurrer was overruled. Appellee then pleaded not guilty and there was a jury trial. At the close of the evidence for the plaintiff, the court directed a verdict for the defendant. Such verdict was returned and a judgment was entered thereon, from which the plaintiff below appeals.

Appellee lawfully received the money and the notes and had a right to use the money. If appellant could waive his action of assumpsit and sue in case upon the alleged tort, which we do not decide, he did not demand a return of the money or the notes, but demanded the execution of a deed. He certainly could not maintain an action on the case for the conversion of money and notes, under the circumstances in evidence here, without having demanded them. His demand of a deed was only laying the foundation either for an action for specific performance by conveyance of the property, or for a suit in assumpsit on the contract for the return of the money. We are of opinion that the proofs did not establish an unlawful conversion of the money or notes, and therefore that this action cannot be maintained and that the court properly directed a verdict. This conclusion makes it unnecessary for us to consider error which is alleged to have occurred in the rulings of the court on the cross-examination of plaintiff.

The judgment is therefore affirmed.

*Affirmed.*